UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x

UNITED STATES OF AMERICA

vs.                                    Crim. No. 04-10048-NG

CARMELO RODRIGUEZ,

Defendant.

---------------------------------------------------------x

## DEFENDANT CARMELO RODRIGUEZ'S MOTION
## FOR JOINDER OF COUNT 11 AT SENTENCING

Defendant Carmelo Rodriguez, through counsel, respectfully moves this Court, pursuant to Rules 8 and 13 of the Federal Rules of Criminal Procedure, for an order joining Count 11 with other pending counts for sentencing on July 9, 2004. The charges set forth in Count 11 were, by definition, originally joined with all other charges in this matter in the Indictment. When this Court accepted Rodriguez's plea of guilty to the other counts against him, as a technical matter, a severance of Count 11 may have been contemplated. For the reasons set forth below, Rodriguez objects to a severance of Count 11 and, instead, seeks that this Court maintain the joinder of Count 11 with the other counts in the Indictment.

On April 8, 2004, Rodriguez entered a plea of guilty to Counts 1, 3, 4, 9, 10, 13, and 16 of the Indictment. The only other charges against Rodriguez remained open in Count 11, which charged him and a co-defendant with distributing cocaine on or about November 18, 2003. At the plea hearing, Rodriguez could not recall participating in the event as the government had described it elsewhere outside of the Indictment. Nevertheless, through his counsel, Rodriguez offered to enter a plea of guilty to participating in an unlawful transaction of the type charged on or about November 18, 2003, with the understanding that his factual basis would differ from the

government's position. The government recommended that Rodriguez not enter the plea to Count 11 because there were questions regarding what had actually transpired on or about the date set forth in Count 11. In addition, the government represented in substance at the plea hearing that circumstances still supported the availability of acceptance of responsibility points under the United States Sentencing Guidelines, given Rodriguez's prompt guilty plea to all of the other counts.

In addition, in connection with the change of plea hearing, the government had stated to defense counsel that Count 11 should be resolved by the sentencing in this matter, regardless of whether Rodriguez enters a plea of guilty to it. Specifically, if this Court finds the government's proof underlying Count 11 sufficient, then Rodriguez's sentence could take that transaction into account as relevant conduct, obviating the need for a trial on Count 11. If the Court finds the government's proof on Count 11 insufficient at the sentencing hearing, in which the preponderance standard of proof applies, then there would appear insufficient proof to support a trial on that charge in which the government would have to demonstrate guilt beyond a reasonable doubt. Either way, based on discussions with the government at the time of the plea hearing, the sentencing should resolve Count 11.

Since the plea hearing, the government has become increasingly aggressive on several fronts. As described in a separate Emergency Motion to Compel the Immediate Production of *Brady* and *Giglio* Material, the government is tilting the fact-finding process underlying the PSR by providing the United States Probation Office with a significantly *incomplete* picture of the relevant events. In addition, just prior to the plea hearing, the government stated that, based on information available to it at that time (after a more than 12-month investigation), an upward role adjustment did not appear appropriate. Based on a single debriefing session with a cooperating

witness, apparently held the day after Rodriguez entered a plea of guilty, now the government apparently intends to seek up to a 4-point upward role adjustment. More recently, the government has stated that it cannot *promise* a dismissal of Count 11 following the sentencing in this matter because the office ultimately may not agree that a dismissal would be in the interests of justice.

Based on the government's shift of position on these issues, Count 11 should be resolved at or prior to sentencing in order to avoid any surprises. Should the Court require it, in order to prevent an unexpected trial on Count 11, Rodriguez remains willing to enter a plea of guilty to an unlawful narcotics transaction on or about November 18, 2003. A factual basis for the plea could be consistent with the violation charged against Rodriguez in Count 11 of the Indictment (albeit not exactly what the government has described elsewhere).

In addition, certain comments and actions by the government suggest that it will seek to delay the sentencing in this matter. Rodriguez respectfully requests that this Court not postpone his sentencing as a result of this motion or any other issues. As this Court may recall, Rodriguez requested an expedited sentencing for reasons set forth at his plea hearing. Since that time, he has also learned that his mother's medical condition (terminal cancer) has reached an untreatable stage. Rodriguez would like his sentencing resolved prior to her death. A guilty plea by him to Count 11, at this stage or even at sentencing, should not affect the preparation of the PSR or the sentencing process because, regardless of a conviction on that count, this Court will face at sentencing the issue of whether a transaction described by the government as having occurred on November 18, 2003, should be considered relevant conduct for sentencing purposes.

In sum, this Court should maintain the joinder of Count 11 for sentencing purposes. Otherwise, the government's uncertainty in position could manifest as a wasteful and overzealous trial on Count 11 following the sentencing on other counts.

## Conclusion

Based on the foregoing, Rodriguez respectfully requests that this Court resolve all of the outstanding counts against him, including Count 11, by maintaining the joinder of it with the other counts against Rodriguez, as charged in the Indictment. Again, Rodriguez remains willing to enter a plea of guilty to a transaction that occurred on or about the day of the offense charged in Count 11, as he was willing to do at the original plea hearing.

Dated: Boston, MA
May 14, 2004

Respectfully Submitted,

By: _____
Barry S. Pollack (BBO # 640625)
DONNELLY, CONROY & GELHAAR, LLC
One Beacon Street 33rd Floor
Boston, MA 02108
(617) 720-2880
Attorneys for Defendant Carmelo Rodriguez

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand
Date: 5/14/04

4

# DONNELLY, CONROY & GELHAAR, LLP

ONE BEACON STREET
33RD FLOOR
BOSTON, MA 02108

TELEPHONE: (617) 720-2880    FACSIMILE: (617) 720-3554

Barry S. Pollack
bsp@dcglaw.com

May 14, 2004

**BY HAND**

Clerk's Office
United States District Court
 for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re:    United States of America vs. Carmelo Rodriguez, Criminal No. 04-10048-NG

Dear Sir or Madam:

Enclosed for filing please find Defendant Carmelo Rodriguez's Motion For Joinder Of Count 11 At Sentencing. Please date stamp a copy of this letter and return with the messenger.

If you have any questions, please give me a call.

Respectfully submitted,

*Barry S. Pollack / mm*

Barry S. Pollack

BSP/gs
Enclosure

cc:    AUSA John Wortmann, Esq. (By Hand)
       Lois Lewis, Esq.
       Michael D'Amore, Esq.