UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
------------------------------------------------x
                                                     :

UNITED STATES OF AMERICA          :

           vs.                              :      Crim. No. 04-10048-NG

CARMELO RODRIGUEZ,               :

         Defendant.                    :
------------------------------------------------x

**DEFENDANT CARMELO RODRIGUEZ'S EMERGENCY MOTION TO
(1) PRECLUDE THE GOVERNMENT FROM INTRODUCING STATEMENTS
BY COOPERATING WITNESSES AS TO WHOM NO *GIGLIO* MATERIAL HAS
BEEN PRODUCED, (2) REQUIRE THE IMMEDIATE PRODUCTION BY THE
UNITED STATES PROBATION OFFICE OF ITS ENTIRE FILE IN THIS
MATTER, AND (3) COMPLETE HIS SENTENCING AT THE JULY 21, 2004
SENTENCING HEARING WITHOUT FURTHER CONTINUANCES**

Defendant Carmelo Rodriguez, through counsel, respectfully moves this Court for certain relief at his sentencing that, among other things, could obviate any so-called *Blakely* issues.

Preclusion Based on *Brady/Giglio* Violations Under Previous Court Order

First, the government has violated an Order of the Court dated June 2, 2004, issued in response to a previous motion filed by Rodriguez under *Brady* and *Giglio*, which required the government to produce all of its *Brady* and *Giglio* material related to its two cooperating witnesses no later than 7 days before the sentencing. 6/2/04 Order at 1 ("The government shall disclose the requested information seven (7) days before the actual date of sentencing of Carmelo Rodriguez."). This Order required far less than the local rules, which called for such production before the defendant had to respond several weeks ago to the draft PSR. *See* Local Rule 116.2(B)(4). In the PSR, the United States Probation Office has adopted wholesale the government's version of the offense, even

those portions riddled with uncorroborated statements by two cooperating witnesses, CW1, a/k/a "Judy Booty," and CW2, who based on the context of statements can only be codefendant Giecliff Rodriguez. It is difficult, if not impossible, to fathom how statements by them have been deemed credible in the PSR without any access to the abundance of undisclosed *Brady* and *Giglio* material.

Without the statements of these cooperating witnesses (who, at any rate, utterly lack credibility), the government cannot possibly prove the facts underlying any suggested enhancements beyond the specific admissions that Rodriguez has tendered. The following colloquy took place at a hearing before the Magistrate Judge in this matter, which reflects that, until the government's debriefing of codefendant Giecliff Rodriguez, the government viewed the defendants as simply "a bunch of people working together" without a particular leader:

> MR. POLLACK: I've actually had conversations with the government initially that they did not believe they were seeking a leadership role issue here.
>
> THE COURT: I don't know. Do you know, Mr. Wortmann?
>
> MR. WORTMANN: What I told to Mr. Pollack is that at this point it's too early to talk about it, that I saw a bunch of people working together. Obviously between now and trial or imposition of sentence, that's going to change a lot. So I'm certainly not suggesting that there was a leadership in the conspiracy that's charged. ...

3/4/04 Tr. of Hearing at 77. While the government expressed possibilities for the development of future evidence to the contrary, the PSR reveals that the new development supporting the change of position arose solely from cooperating testimony in connection with which the government has still not disclosed *Brady* and *Giglio* material. Hence, an Order precluding the government's further reliance on these

witnesses not only would be a reasonable response to its flagrant violation of the June 2, 2004 Order, but also could obviate any *Blakely* issues in this matter.

Access to Probation's Files At or Before Sentencing

Just before disclosing the revised PSR, the United States Probation Office ("Probation") advised counsel for Rodriguez that it uncovered an apparent additional conviction, in the form of a *nolo contendere* plea to one count for time served on more serious, yet ultimately dismissed, charges while awaiting trial in New Hampshire. Probation denied a request by Rodriguez's counsel for access to the information it received from New Hampshire. Given the late disclosure of this alleged conviction, Probation should be required to produce its entire file in this matter, including all correspondence, for review by counsel for Rodriguez. Unfortunately, at Rodriguez's young age, even juvenile convictions can still potentially count toward the computation of his criminal history category because they occurred within the last 5 years.

Because of the compact period in which his past (albeit limited) offenses have occurred, he has been assessed in the PSR with several additional points merely based on the timing of the present offense relative to the termination of prior cases. As a result, Rodriguez could be classified as high as a category IV, when, for example, approximately two years from now, based on the same history, he could be categorized as a category II before any downward departure. Rodriguez has previously raised related issues in his objections and downward departure motions that appear in his Sentencing Memorandum.

Based on Probation's late disclosure and on other critical close-call issues related to his criminal history calculation, a proper remedy would allow Rodriguez's counsel immediate access to Probation's entire file in this matter.

Prompt Sentencing

Pursuant to Rule 32(b) of the Federal Rules of Criminal Procedure, Rodriguez respectfully requests that there be no further delays in the imposition of his sentence, for which the defendant is scheduled to appear on July 21, 2004. *See* Fed. R. Crim. P. 32(b)(1) ("The court must impose sentence without unnecessary delay."). Certain rulings in this matter could obviate *Blakely* issues. At any rate, the reasonable stipulations offered by Rodriguez would not likely be materially shy of the actual findings that this Court may have reached in a pre-*Blakely* sentencing hearing. Rodriguez remains prepared for the imposition of his sentence on July 21, 2004, which will provide him access to meaningful rehabilitative facilities outside of the inferior, if not unacceptable, conditions at the Plymouth County House of Corrections.

### Conclusion

Based on the foregoing, Rodriguez respectfully requests that this Court grant this motion in its entirety, precluding the government from relying on statements by cooperating witnesses, granting immediate access for Rodriguez's counsel to Probation's entire file in this matter, and imposing his sentence on July 21, 2004.

Dated: Boston, MA
July 16, 2004

Respectfully Submitted,

By: _____
Barry S. Pollack (BBO # 640625)
DONNELLY, CONROY & GELHAAR, LLC
One Beacon Street  33rd Floor
Boston, MA 02108
(617) 720-2880
Attorneys for Defendant Carmelo Rodriguez

**CERTIFICATE OF SERVICE**
hereby certify that on this day a true copy of above document was served upon the rney of record for each party by mail/by hand
te: 7/16/04 _____