```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Criminal No. 04-10048-NG |
| ) | |
| ) | |
| **CARMELO RODRIGUEZ** ) | |

### GOVERNMENT'S RESPONSE TO JULY 16, 2004 EMERGENCY MOTION

Carmelo Rodriguez has filed another emergency motion in this matter. Apparently unwilling to acknowledged this Court's prior order that he will be sentenced on September 21, 2004 (see Docket entries for July 9, 2004 hearing), the defendant first demands that the court sentence him tomorrow (notwithstanding the Court's prior order and the pendency of various Blakely issues that must be resolved before any sentencing takes place). The defendant then claims that, because the government has not produced Giglio materials 7 days prior to that date on which he now thinks he should be sentenced, the government should be precluded from introducing evidence at any sentencing hearing which the Court (as opposed to Mr. Rodriguez) has not even scheduled until September. For good measure, the defendant is also demanding that the Court order United States Probation Officer Jennifer Sinclair to disclose confidential files to him based on her supposedly "late disclosures and on other critical close call issues related to his criminal history calculations."

To put it mildly, this latest "emergency motion" is mystifying. The Court has scheduled sentencing hearing in this

matter, not on July 21, but for September 21, 2004.  The government has agreed (and the Court has ordered the government) to provide any Giglio materials seven days before sentencing.  By the government's calculation, this means that any such information should be disclosed on or before September 14, 2004 or approximately two months from now. The government does not understand how it can be precluded from introducing evidence based on its failure to do something not due for eight weeks.

    The defendant's demand for Probation files is even more off the mark.  For the defendant to claim that Probation has been deleterious in producing anything in this case is simply wrong.  As set forth above, the sentencing in this matter is scheduled for September 21.  Notwithstanding that, United States Probation has already completed a detailed PSR outlining all relevant matters, including the defendant's criminal history, and detailed responses to the defendant's 39 objections.  While the defendant may think that the PSR contains certain "close call issues" related to his criminal history calculations, the appropriate way of contesting those matters is for the defendant to demonstrate what his criminal history is, not by demanding the production of confidential records that belong to the Court. See United States v. Dingle, 546 F.2d 1378, 1381 (10th Cir.1976) ("When the probation officer makes the investigation that forms the basis for a pre-sentence report, he is acting as an arm of the court

and as an investigator for the Judge of the Court. The pre-sentence report is not a public record, it is a confidential report for the use of the Judge of the Court in his effort to determine what a fair sentence should be."). Because no party has the right to demand "immediate access to Probation's entire file in this [or any other] matter," and because it is the Court, not the parties who is responsible for scheduling when sentencings are to take place, the emergency motion should be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

By:   /s John A. Wortmann, Jr.
     JOHN A. WORTMANN, JR.
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA
     (617) 748-3207