UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 18 P 2: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

---------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :
vs.                               :    Crim. No. 04-10048-NG
                                  :
CARMELO RODRIGUEZ,                :
                                  :
        Defendant.                :
---------------------------------------------x

### DEFENDANT CARMELO RODRIGUEZ'S EMERGENCY MOTION FOR AN ORDER: (1) DISMISSING COUNTS ONE AND ELEVEN WITH PREJUDICE, (2) PRECLUDING THE GOVERNMENT FROM RELYING ON CERTAIN PURCHASED EVIDENCE AS TO WHICH *BRADY* AND/OR *GIGLIO* MATERIALS HAVE BEEN WITHHELD, AND (3) IMPOSING ADVERSE INFERENCES AGAINST THE GOVERNMENT BASED ON ITS FAILURE TO PRODUCE WITNESSES IN ITS CONTROL

Defendant Carmelo Rodriguez, through counsel, respectfully moves this Court for an order dismissing Counts One and Eleven with prejudice based on *Brady* and *Giglio* violations by the government. In addition, Carmelo Rodriguez ("Carmelo") seeks an order precluding the government from relying at sentencing on testimony by co-defendant Giecliff Rodriguez ("Giecliff") because the government failed to disclose in a timely manner substantial evidence in its possession tending to show that Giecliff served as a government agent before and during the charged conspiracy. Finally, adverse inferences should also be drawn against the government based on its failure to produce witnesses in its control, including federal agents and a confidential informant.

The government has failed to abide by its *Brady* and *Giglio* obligations under the Due Process Clause of the United States Constitution, as well as the terms of an Order by the United States Magistrate Judge dated June 2, 2004. As described in more detail below, Carmelo's guilty pleas in this matter passed without the disclosure of obvious *Brady* material related to Giecliff.

The July and, subsequently, September sentencing dates passed without the government providing any of the required information related to Giecliff. Rather, on October 6, 2004, the government finally supplied a copy of Giecliff's plea agreement, his criminal history, and related materials.

**Recent Surprise Regarding Giecliff's Longstanding Status as a Government Agent**

Only after counsel for Carmelo made several additional requests for more specific information, did the government, on October 14, 2004, finally disclose that Giecliff had commenced service as a government informant before the events described in the conspiracy charges, and that the government continued to accept information from Giecliff during the investigation of the alleged conspiracy underlying this action. The lead prosecutor has since admitted that he knew when bringing the charges in this matter that Giecliff had been serving as a government informant through what constitutes at least a significant portion of the investigation underlying the present charges. After more requests by counsel for Carmelo, on October 15, 2004, just six (6) days before sentencing, the government finally disclosed a schedule of payments to Giecliff and other information related to Giecliff's service as a cooperator in other matters. In addition, the government stated it was still gathering certain *Giglio* information.

The government's position is indefensible. Apparently, the government contends that, in its view, Giecliff participated in the charged conspiracy without authorization from the FBI, even though the FBI had paid Giecliff significantly to develop information relevant to this matter. Even after learning that Giecliff was dealing drugs and carrying weapons, the FBI did not arrest him, but rather continued to accept information from Giecliff. This scenario sounds all too familiar for a government agency that has previously transgressed the proper limitations on the

2

usage of informants who provide information while continuing to commit crimes. Here, the government simply does not have the unilateral power to determine retroactively and conclusively the scope of authority that the FBI had delegated to Giecliff, and certainly not in a manner that deprives Carmelo of timely access to significant potential exculpatory information relevant to vicarious liability and potential entrapment issues.

The government has also frustrated Carmelo's ability to examine certain government witnesses. In this regard, the government now states that it does not intend to call another confidential informant, known as "Judy Booty" ("Booty"), whose identity has been withheld from the defense, thereby preventing the defense from calling her as a witness at the sentencing hearing. The defense believes that an inquiry of Booty into unrecorded conversations that she had with Carmelo, her connections to a gang known as the "Gangster Disciples," her drug usage, and her criminal history, would help establish a solid foundation for understanding how Booty prompted Carmelo to boast to her with extreme and unreliable exaggerations on which the government now attempts to rely at sentencing. Similarly, the government has represented that the FBI agent who was responsible for handling Giecliff as an informant will not appear at the sentencing hearing. In addition, the government has not even turned over notes and/or internal FBI memoranda concerning any decision by the FBI to terminate Giecliff's service as a government informant/agent.

**Remedy**

The proper remedies for the government's misconduct are the dismissal with prejudice of Counts One (conspiracy) and Eleven (aiding and abetting of a transaction by Giecliff), the preclusion of testimony by Giecliff, and adverse inferences drawn against the government based on its refusal to produce relevant witnesses in its control. Counts One and Eleven purport to

charge Carmelo based, in large part, on conduct by Giecliff who now appears to have been a government agent and therefore not a party as to whom vicarious liability could attach for Carmelo. At this late stage of the proceedings, Carmelo does not desire any further continuance or the withdrawal of his pleas of guilty, but rather the less extensive remedies that he requests herein.

## Conclusion

In sum, there is simply no legitimate excuse for the government's tardiness on significant *Brady* and *Giglio* matters. Had Carmelo's counsel not made repeated requests for more information, apparently the government would have successfully hidden extremely relevant exculpatory information. Hence, Counts One and Eleven should be dismissed with prejudice, the government should be precluded from relying on Giecliff's testimony at the sentencing hearing, and adverse inferences should be drawn against the government based on its refusal to produce witnesses in its control.

Dated: Boston, MA
October 18, 2004

Respectfully Submitted,

By: _____
Barry S. Pollack (BBO # 642064)
DONNELLY, CONROY & GELHAAR, LLC
One Beacon Street 33rd Floor
Boston, MA 02108
(617) 720-2880
Attorneys for Defendant Carmelo Rodriguez

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 10/18/04 _____

4