UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.       ) | Criminal No. 04-10048-NG |
| ) | |
| ) | |
| **CARMELO RODRIGUEZ** ) | |

### GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM
### RE: SENTENCING ENTRAPMENT

In the course of the proceedings today, the term "sentencing entrapment" was raised. Unwilling to seek to vacate his plea because of the complete absence of any support of an entrapment defense and the convenient time at which it was made, the defendant has raised the specter of sentencing entrapment as a basis for reducing the amount of cocaine for which he is responsible or seeking dismissal of certain charges against him.

This claim is unsupported by anything in this record, which shows that the defendant was an enthusiastic and persistent cocaine trafficker who bragged about the quality of his drugs and the success of his business. Simply put, the defendant, who made 9 of the 15 sales in this case, needed no encouragement to deal drugs from anyone.

The defendant's burden to prove sentencing entrapment is steep. Sentencing entrapment is a legitimate ground for a departure only in "the extreme and unusual case." United States v. Montoya, 62 F.3d at 4. See also United States v. Maldonado-

Montalvo, 356 F.3d 65, 72 (1st Cir. 2003) ("garden variety manipulation claims are largely a waste of time").

To make this such a case, the defendant must show that the government acted in bad faith and that its misconduct was extraordinary.  "It is insufficient to say that the idea of the conspiracy originated with undercover agents, or that conduct was encouraged by the government, or that the crime exceeded in degree or kind what the defendant had done before.  Instead, the defendant must show that elements like these were so extensive that 'the government's conduct must be viewed as extraordinary misconduct.'"  Montoya, 62 F.3d at 4.  See also United States v. Rizzo, 121 F.3d 794, 801 (1st Cir. 1997) ("Given the wide latitude we afford the government in conducting sting operations, 'the burden of showing sentencing factor manipulation [necessarily] rests with the defendant...'").

This claim simply has no support in the record.  As set forth above, the defendant made more sales of cocaine to the cooperating witness than anyone else.  Rather than being manipulated by CW-2 or anyone else, he was an eager trafficker, who told CW-1 on October 28, that he could supply her with two ounces of cocaine, confirmed that in a telephone conversation two days later, and repeatedly sold the CW what she asked for when she wanted it and indicated his willingness and desire to sell her more.  See, e.g., Sentencing Exhibits 3A (defendant

enthusiastically tells the CW that he will sell her two ounces of cocaine and volunteers that he has another ounce in his sock), 4A (quotes CW a price of $1600 for two ounces), 5A (admits that he is "fronting ounces of cocain to Ricardo Rosario and brags that the quality of his cocaine is "good"), and 6A (tells the CE that he sells eight ounces of cocaine a week and asks if CW is looking for "the hard shit is ." Throughout the investigation, the defendant pursued sales of cocaine and consistently sold amounts of one gram to the CW.  Compare United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir. 1994) (determination of sentencing entrapment based on finding that defendant "had never engaged in a deal even approaching the magnitude of the transaction for which he was convicted");  United States v. Naranjo, 52 F.3d 245, 250-51 (9th Cir. 1995) (absence of previous drug history supported allowance of departure).  Because the defendant consistently showed himself to be a significant cocaine trafficker (to whom "flushing $6000 worth of drugs was no big deal, see Sentencing Exhibit 8A), this claim fails. See United States v. Woods, 210 F.3d 70, 75 (1st Cir. 2000) (to establish sentencing entrapment government misconduct must be found to have overborne the will of a defendant predisposed to commit a lesser crime than the one charged);  United States v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir. 1991) (defining sentencing entrapment as "outrageous official conduct [which] overcomes the will of an

individual predisposed only to dealing in small quantities" for the purpose of increasing the amount of drugs and the resulting sentence).

## CONCLUSION

The claim of sentencing entrapment in this case is baseless as it is unsupported by the facts and at odds with the law. It should be rejected.

>                       Respectfully submitted,
>
>                       MICHAEL J. SULLIVAN
>                       UNITED STATES ATTORNEY
>
>
>               By:   /S John A. Wortmann, Jr.
>                     JOHN A. WORTMANN, JR.
>                     Assistant U.S. Attorney
>                     One Courthouse Way
>                     Boston, MA
>                     (617) 748-3207