UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------x
:
UNITED STATES OF AMERICA         :
:
vs.                              :    Crim. No. 04-10048-NG
:
CARMELO RODRIGUEZ,               :
:
Defendant.              :
------------------------------------------------x

### DEFENDANT CARMELO RODRIGUEZ'S PARTIAL OPPOSITION TO THE GOVERNMENT'S MOTION TO SUPPLEMENT

Defendant Carmelo Rodriguez ("Carmelo"), through counsel, respectfully submits this partial opposition to the government's Motion to Supplement Record, with seven (7) additional pages of exhibits, dated October 22, 2004 (the "Motion"). The government's erratic disclosures to defense counsel and to the Court are still far from complete. Attached as Exhibit A are yet additional documents that defense counsel received from the government in a twenty-two (22) page facsimile transmission today, but which were inexplicably not filed with the government's Motion. The defense still has not received other outstanding materials, such as notes by Agents Richards and Karengekis regarding Giecliff Rodriguez ("Giecliff"), records reflecting the so-called "passive" deactivation of Giecliff as a paid informant, the D.O.J. Guidelines to which Agent Karengekis referred in his direct examination on October 21, 2004, and the notes and memoranda by other law enforcement officials who debriefed Giecliff.

Giving the government every benefit of the doubt, its ongoing use of Giecliff as a witness on sentencing issues amounts to, at best, gilding the lilly and, at worst, simply an effort to poison the Court against Giecliff at Carmelo's sentencing. Such a tactic is

perhaps the most creative manner in which the government can inculpate Giecliff further, through cross-examination by Carmelo's counsel, while remaining in compliance with its Plea Agreement with Giecliff. Counsel for Carmelo respectfully suggests that it is simply time to place this proceeding back on a normal track by eliminating (over)zealous tactics and, instead, narrowing the issues and evidence at sentencing in a manner that ensures fairness and efficiency.

The government cannot possibly believe (and does not genuinely believe) that Giecliff's testimony, given his debilitating credibility problems, would justify any upward role adjustment at Carmelo's sentencing. Previously, the government agreed to inform the Court in its direct case of several tape-recorded statements during the investigation that reflected that each of the co-defendants was in fact just "doing his own thing." Based on Giecliff's most recent story that a couple of people drove to a location for a transaction involving Carmelo, the government claims that it is "not going to back away from Giecliff's testimony" on which it still expects to rely to obtain an upward role adjustment. In reality, the most believable reason for the government calling Giecliff as a witness at Carmelo's sentencing is that the government can accomplish indirectly against Giecliff that which it cannot accomplish in good faith directly under its Plea Agreement with him. Even if such a tactic could be within the range of reasonable prosecutorial discretion, obviously such a purpose does not warrant derailing the proceedings against Carmelo any further.

Similarly, the government should not be permitted to turn the limited issues remaining in this case into a circus at the continued sentencing hearing. Carmelo does not deny that he engaged in the unlawful controlled substance transactions at issue, that

2

the tape recorded and videotaped evidence of those transactions constituted strong evidence of those transactions, and that he has Latin King tattoos on his body. The bulk of the government's exhibits for sentencing is simply directed at *re*-proving these undisputed matters with cumulative evidence. Truly remaining at issue in the government's case is only whether isolated boasting by Carmelo and others about a level of drug sales constitutes clear and convincing evidence of the amount that should be attributed to him as relevant conduct. At most, the actual amount seized in the investigation from Carmelo (approximately 159 grams) should be doubled as a reasonable estimate, making 300-400 grams the maximum amount of cocaine that should be attributed to Carmelo for sentencing, subject still to his previous objections to any such enhancements under *Blakely*.

Another reason for simply resolving the issue of drug amount without further delay is that, with additional documents arriving daily from the government, the defense is obviously prejudiced in its ability to explore fully the apparent sentencing entrapment issues. Only after this Court ordered the government, at the first day of the sentencing hearing, to produce Agent Richards as a witness at the second day of hearings, did the government finally obtain and produce some additional *Brady*, *Giglio*, and *Jencks* material that relates directly to co-defendant Giecliff's service as a government agent against Carmelo. *See* Exhibit A, *passim*. Among these documents is a reference to Giecliff informing the FBI that he was giving money to Carmelo to purchase drugs. Carmelo should not have to suffer further delays, while remaining incarcerated at the Plymouth County Correctional Facility, merely because of the government's erratic and unconstitutional production and withholding of discovery.

3

Rather than burden the Court, the parties and witnesses with protracted hearings on discovery, investigative, and constitutional violations, the government's tenuous request for an upward adjustment for a supervisory role should simply be rejected and the drug amount should be set at no more than 300-400 grams. The government should not be permitted to gild the lilly further by proving for hours those matters to which Carmelo has admitted. Instead, Carmelo's downward departure motions could be resolved primarily on the papers, with an opportunity for counsel to examine the retained psychology expert, Dr. Paul Spiers, whose sworn report has previously been filed with the Court. By so doing, the sentencing could be resolved at the hearing set for October 26, 2004, without further disruptions.

Dated: Boston, MA
October 22, 2004

Respectfully Submitted,

By: _____
Barry S. Pollack (BBO # 640625)
DONNELLY, CONROY & GELHAAR, LLC
One Beacon Street 33rd Floor
Boston, MA 02108
(617) 720-2880
Attorneys for Defendant Carmelo Rodriguez

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 10/22/04

4