## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 04-10048-NG |
| ) | |
| CARMELO RODRIGUEZ, ) | |

### DEFENDANT CARMELO RODRIGUEZ'S UNOPPOSED MOTION FOR A RECOMMENDATION TO AN INTENSIVE CONFINEMENT PROGRAM

Defendant Carmelo Rodriguez hereby moves for an Order, to be incorporated into the Judgment of Conviction, setting forth findings that support a recommendation that, at the appropriate time, the Bureau of Prisons should place Mr. Rodriguez into an intensive confinement program. In support of this unopposed motion,[1] Mr. Rodriguez relies on the prior proceedings in this matter and states as follows:

1.  Counsel for Mr. Rodriguez has made contact with the Bureau of Prisons in Boston, Massachusetts. The Bureau of Prisons advised that it attempts to honor judicial recommendations that a defendant be assigned to an intensive confinement program. Because Mr. Rodriguez received only a 60-month sentence, when the undischarged portion of Mr. Rodriguez's sentence of imprisonment reaches 30 months, the Bureau of Prisons has the authority to designate Mr. Rodriguez for placement into the intensive

---

[1] The government explicitly agreed at the sentencing that it would ***NOT*** oppose the request by Rodriguez for a recommendation by this Court that the Bureau of Prisons designate Rodriguez to an intensive confinement program. In reliance on that and other promises, Mr. Rodriguez agreed to make significant concessions at sentencing. Within moments of making its promise, however, and with the backdrop of its blatant discovery violations, the government breached its obligations to Rodriguez by making suggestions to this Court designed to interfere with obtaining the recommendation. A defendant and his counsel should simply be able to rely on the performance of promises by the government, rather than shortcuts and end-runs that deprive a defendant of reasonable expectations.

confinement program to commence by the time the undischarged portion of the sentence reaches 24 months. Conflicting information suggests that the Bureau of Prisons will not generally assign a defendant to an intensive confinement program without a judicial recommendation in favor of it.

2. Upon careful examination, Mr. Rodriguez's adult criminal history is extremely limited, with the most significant event entailing a likely defective plea, in the State of New Hampshire, of no contest to one charge *after the dismissal* of all pending charges, in exchange for time served. Attached hereto as Exhibit A is a copy of the pertinent pages of the transcript from the combined plea/sentencing hearing. The United States Probation Office confirmed in its Amended Pre-Sentence Report (the "PSR") that two other items on Mr. Rodriguez's record involved guilty pleas by another individual who used Rodriguez's identity while Rodriguez was subject to pretrial detention in New Hampshire.

3. As reflected in the PSR, the lack of a paternal figure in Rodriguez's childhood and an unstable home life made him susceptible to recruitment by others into harmful street life at approximately the age of 15. He never even completed the ninth grade. Simply put, society failed Rodriguez in his early- and mid-teenage years. An intensive confinement program would present a remedy in the form of a last meaningful chance for Rodriguez to improve his quality of life after release from imprisonment.

4. Mr. Rodriguez does not suffer from any health conditions that would interfere with his participation in an intensive confinement program.

5. In his sworn report, Dr. Paul Spiers concluded that Rodriguez would benefit significantly from a program of discipline and structure such as those provided by

intensive confinement programs. Such federal programs are held out as imposing "a highly regimented schedule that provides the strict discipline, physical training, hard labor, drill, and ceremony characteristic of military basic training." In the course of such programs, inmates are required to "participate in appropriate job training and educational programs (including literacy programs)," as well as counseling. *See* 18 U.S.C. §4046. By completing the program, generally an inmate becomes entitled to serve the remaining year or so of his sentence in either community or home confinement.

6. An intensive confinement program will offer Mr. Rodriguez a regimen of discipline and order that he has not previously experienced and which will both further his efforts at rehabilitation and enable him to develop employment skills that he can use when he is released from confinement.

Based on the foregoing, Mr. Rodriguez respectfully requests that this Court endorse the attached Order recommending the placement of Rodriguez into the intensive confinement program.

Dated: Boston, MA
October 26, 2004

Respectfully Submitted,

By: _____
Barry S. Pollack (BBO # 642064)
DONNELLY, CONROY & GELHAAR, LLC
One Beacon Street 33rd Floor
Boston, MA 02108
(617) 720-2880
Attorneys for Defendant Carmelo Rodriguez