COPY

```
                    THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                              SUPERIOR COURT
SOUTHERN DISTRICT

*******************************
                              *
STATE OF NEW HAMPSHIRE        *
                              *
        V.                    *         01-S-1083
                              *
                              *
CARMELO RODRIGUEZ-MALDONADO   *
                              *
*******************************

              HEARING ON PLEA AND SENTENCING
```

HEARING, ELECTRONICALLY RECORDED AT THE HILLSBOROUGH COUNTY SUPERIOR COURT, SOUTHERN DISTRICT, NASHUA, NEW HAMPSHIRE, ON APRIL 2, 2002, BEFORE THE HONORABLE WILLIAM J. GROFF, PRESIDING JUSTICE.

Appearances:

For the State:          OFFICE OF THE ATTORNEY GENERAL
                        By: Susan G. Morrell, Esq.
                        And Malinda R. Lawrence, Esq.
                        Assistant Attorneys General
                        33 Capitol Street
                        Concord, NH  03301

For the Defendant:      GHAZI AL-MARAYATI, ESQ.
                        23 Factory Street
                        Nashua, NH  03060

Court Monitor:          Barbara J. Warman

Transcriptionist:       Judith A. Park

1  and the defendant Carmelo Rodriguez-Maldonado were in the
2  vehicle, as well. Located in the armrest console, hidden in that
3  console, were three handguns, two .25 caliber, one .45 caliber.
4  All three were loaded, all three had previously been reported
5  stolen.
6      Jorge Santiago, Samara Garcia, Felix Gonzalez have all
7  agreed to testify in this matter, and in essence their testimony
8  would be that Felix Gonzalez learned about an individual in
9  Lawrence who was holding 100 pounds of marijuana and
10 approximately two kilograms of cocaine in his apartment for the
11 owner of those drugs; that this individual was a crackhead, a
12 user of crack cocaine, and would be an easy target for a
13 burglary. They could go in, steal the drugs, make a lot of money
14 off those drugs without having to pay for them. Felix Gonzalez
15 would testify that he declined to participate in this, that Angel
16 Roldan had told him, after they broke into the apartment, Angel's
17 plan was to do this person up, meaning that he would kill him.
18 There was also conversation a few days prior to this that was
19 intercepted in the wire tap that led the police to believe that
20 potentially this individual in Lawrence was named Victor, and
21 Angel Roldan intended to kill him in retaliation for that person
22 cooperating with the authorities against his brother Carlos.
23     In this instance it's been clear regarding Carmelo
24

1  Rodriguez-Maldonado, Jorge Santiago has told us that he called
2  him, he got him involved in the last minute as a replacement to
3  somebody else so that they could break in the back door, and he
4  was essentially told of the plan as they were--after he was
5  picked up, as they were driving from Lowell to the Lawrence as he
6  was in the car while they circled the potential apartment where
7  the burglary was to occur in Lawrence.
8  That would be our evidence.
9  THE COURT: And what are the terms of the plea
10 agreement?
11 MS. MORRELL: Your Honor, we've agreed that the
12 defendant can enter a plea of nolo contendere. His sentence is 12
13 months at the house of corrections, stand committed. He has
14 pretrial confinement credit of 367 days. That plea offer was made
15 and accepted. As the court is aware, currently there is a motion
16 to dismiss pending the court has granted, and the state's motion
17 to reconsider that order is also pending. And in light of that
18 litigation and the strengths and weaknesses of that litigation,
19 we've agreed to this sentence.
20 It's my understanding that the defendant has little if no
21 criminal history in the state of Massachusetts, where he's from,
22 although he may have a juvenile conviction for burglary.
23 We would also nol pros the other two pending indictments.
24

JUDITH A. PARK
TRANSCRIBING SERVICE
3 WENTWORTH AVENUE
HAMPTON, NEW HAMPSHIRE 03842-4030
(603) 926-6131

1    THE COURT: Did you explain to him every provision in
2    this form as it applies to this plea?
3    MR. AL-MARAYATI: Yes, I did.
4    THE COURT: Do you think he understood what he was
5    told?
6    MR. AL-MARAYATI: I believe he did.
7    THE COURT: Did you explain to him the elements of the
8    offense with which he's charged, the burden of proof for the
9    state and the possible defenses he might have?
10   MR. AL-MARAYATI: Yes, I did.
11   THE COURT: Do you think he understood those?
12   MR. AL-MARAYATI: I believe so.
13   THE COURT: Did you also talk over with your client the
14   issue of the motion to dismiss based on lack of territorial
15   jurisdiction?
16   MR. AL-MARAYATI: Yes. We discussed that.
17   THE COURT: Did you explain to him that the court has
18   ruled on that motion to dismiss and has granted it, finding that
19   there is no jurisdiction under the statute?
20   MR. AL-MARAYATI: Yes.
21   THE COURT: And you explained to him that there's a
22   motion to reconsider which has been filed by the state and that
23   that matter will be subject to hearing?
24